UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTWAN GREEN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

**DECISION AND ORDER**
14-CR-74S
15-CV-197S

## I. INTRODUCTION

Presently before this Court is pro se Petitioner Antwan Green's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction under 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On July 24, 2014, Petitioner appeared before the Honorable Leslie G. Foschio, United States Magistrate Judge, to enter his guilty plea to count one of the indictment, which charged him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, a charge that carried a maximum sentence of 30 years imprisonment, a $1,000,000 fine, or both. (Docket Nos. 29, 30, 64.) This Court later accepted Judge Foschio's Report and Recommendation recommending that Petitioner's guilty plea be accepted and adjudged Petitioner guilty of committing a violation of 18 U.S.C. § 1349. (Docket Nos. 31, 35.)

In the plea agreement, Petitioner and the government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 18, and that Petitioner's criminal history category was II, which resulted in a Guidelines sentencing range of 30 to 37 months, a fine of $6,000 to $60,000, and a period of supervised release

of 2 to 5 years. (Docket No. 30.)

Included in the plea agreement is Petitioner's acknowledgment that he

> knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence;
>
> understands that by agreeing not to collaterally attack the sentence, [he] is waiving the right to challenge the sentence in the event that in the future [he] becomes aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in [his] sentence;
>
> [agrees that] [t]his plea agreement represents the total agreement between the defendant, ANTWAN GREEN, and the government . . . [and] [t]here are no promises made by anyone other than those contained in this agreement.

(Docket No. 30.)

On February 4, 2015, this Court sentenced Petitioner to an 18-month term of imprisonment (below the Guidelines range), a 3-year term of supervised release, and declined to impose a fine. (Docket Nos. 52, 55, 66.) The Clerk of Court filed the judgment on February 11, 2015. (Docket No. 55.) Petitioner filed a Notice of Appeal but later defaulted. (Docket Nos. 56, 73.)

On March 2, 2015, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct his Sentence and Conviction under 28 U.S.C. § 2255. (Docket No. 60.) Respondent filed responses in opposition on March 27 and May 15, 2015. (Docket Nos. 63, 67.) This Court thereafter took the matter under advisement without oral argument.

## III. DISCUSSION

### A. Standard of Review

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

### B. Petitioner's § 2255 Motion

Petitioner seeks correction of his sentence based on his allegation that he was told by his lawyer and the prosecutor that he would be "let go and avoid jail time" if he accepted the government's plea offer. (Docket No. 60.) Petitioner also claims that he was told that he would "receive money on [his] cooperation." (Docket No. 60.) Because he neither was let go nor received money, Petitioner contends that he was "tricked" into accepting the plea

offer. (Docket No. 60.) In response, Respondent argues that Petitioner's motion must be denied because he waived his right to appeal or collaterally attack his sentence, and, in any event, his contentions have no merit.

**1. Petitioner's Waiver of Rights**

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L. Ed. 2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. See United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)). Petitioner defaulted on his direct appeal in this case.

Moreover, a petitioner's waiver of his right to appeal or collaterally attack his sentence if it falls within or is less than an agreed-upon Guideline range, as in this case, must be given effect. It is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence imposed within or below an agreed-upon Guideline range is enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998) (per curiam). "An enforceable waiver bars claims based on grounds that arose after,

as well as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005). But the Second Circuit has carved out an exception to the enforceability of the appeal waiver, holding that the waiver does not apply when a petitioner claims that he received ineffective assistance from his counsel in entering into the plea agreement. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107.

In the present case, Petitioner does not argue that his guilty plea was unknowingly or involuntarily entered, nor does he assert that he received ineffective assistance of counsel. Rather, he claims that his lawyer and the prosecutor made unfulfilled promises to induce him into entering his guilty plea. These allegations do not defeat his waiver.

In the plea agreement, Petitioner forfeited his right to appeal or collaterally attack any sentence that fell within or below the agreed-upon range. As previously discussed, Petitioner's 18-month sentence falls within the 30–37-month range contemplated in his plea agreement. As such, this Court finds that the waiver provisions in Petitioner's plea agreement must be given effect to bar consideration of Petitioner's claims. This is an independent basis to deny Petitioner's present motion.

**2. Petitioner's Claim**

Even if the plea agreement could be construed to not bar this collateral attack and this Court were to consider Petitioner's claim, it finds that it is meritless. The transcript of the proceedings before Judge Foschio belies Petitioner's claim. In fact, it establishes the opposite: that Petitioner was satisfied with his lawyer and that he entered his plea knowingly and voluntarily, without any promises not contained in the written plea agreement:

The Court: Mr. Green, have you been fully satisfied with the advice, assistance and representation given to you by Mr. Saraceno in regard to this matter?

The Defendant: Yes.

(Docket No. 64, p. 7.)

The Court: Okay. I guess the comment here is before we go any further, Mr. Saraceno, is does - - does he [the defendant] for any reason based on this plea agreement expect that he will not serve time?

Mr. Saraceno: No, he expects to serve a prison sentence, Your Honor.

(Docket No. 64, p. 12.)

The Prosecutor: This plea agreement represents the total agreement between the defendant, Antwan Green, and the Government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the Government and the defendant.
The plea agreement states "I have read this agreement which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, Dominic Saraceno. I agree that it represents the total agreement reached between myself and the Government. No promises or representations have been made to me other than what is contained in this agreement. I understand all the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will."
. . .

The Court: Okay. Is that all true and correct, Mr. Green?

The Defendant: Yes.

The Court: Thank you. Are those the terms of your plea agreement with the Government as you understand them?

The Defendant: Yes.

The Court: Anybody made any other promises or representations to you in an effort to get you to plead guilty in this case?

The Defendant: No.

(Docket No. 64, pp. 31-32.)

Despite this plea colloquy, Petitioner insists that his lawyer and the prosecutor made promises to induce him into entering his guilty plea. But Petitioner submits no evidence to support this claim. To the contrary, all available evidence rebuts it. As set forth above, Petitioner expressed his satisfaction with his lawyer's performance and at least twice assured the court that no one had made any promises to him that were not contained in the written plea agreement. This directly contradicts his *post facto* claim that he was promised by his lawyer and the prosecutor that he would be paid or "let go and avoid jail time" if he accepted the government's plea offer. The court specifically advised Petitioner that he could face imprisonment and Petitioner's counsel relayed Petitioner's expectation that he would serve a prison sentence. Thus, there is simply no indication, let alone evidence, that counsel "tricked" Petitioner or in any way acted improperly or in collusion to secure Petitioner's guilty plea. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L. Ed. 2d 136 (1977) (holding that "representations of the defendant . . . constitute a

formidable barrier in any subsequent collateral proceedings.”). Petitioner’s claim is therefore wholly without merit. Id. (“The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.”).

**C. Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a “substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). To make the required “substantial showing” the petitioner must establish that “reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.” Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not be issued.

## IV. CONCLUSION

For the reasons stated above, Petitioner’s Motion to Vacate, Set Aside, or Correct his Sentence and Conviction is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk’s Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner’s Motion to Vacate, Set Aside or Correct

his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 60) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the Clerk of Court is directed to close 15-CV-197S.

SO ORDERED.

Dated: November 4, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge